1   MICHAEL J. IOANNOU (CA SBN 95208)
    michael.ioannou@rmkb.com
2   ROPERS, MAJESKI, KOHN & BENTLEY
    50 West San Fernando Street, Suite 1400
3   San Jose, CA  95113-2429
    Telephone:  (408) 287-6262
4   Facsimile:  (408) 918-4501

5   CABRACH J. CONNOR (TX SBN 24036390)
    cconnor@taylordunham.com
6   DAVID E. DUNHAM (TX SBN 06227700)
    ddunham@taylordunham.com
7   TAYLOR DUNHAM AND RODRIGUEZ LLP
    301 Congress Avenue, Suite 1050
8   Austin, TX 78701
    Telephone:  (512) 473-2257
9   Facsimile:  (512) 478-4409
    (*Pro Hac Vice Applications Pending*)
10
    Attorneys for Plaintiff
11  JUMPSPORT, INC.

12                UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14                      SAN JOSE DIVISION

15

16  JUMPSPORT, INC., a California            CASE NO.
    corporation,
17                                           **COMPLAINT FOR 1) PATENT**
                    Plaintiff,               **INFRINGEMENT; 2) COPYRIGHT**
18                                           **INFRINGEMENT AND 3) UNFAIR**
    v.                                       **BUSINESS PRACTICES, [Cal. Bus. & Prof.**
19                                           **Code, § 17200 et seq.], CALIFORNIA**
    HEALTH2FITNESS LTD d/b/a                 **FALSE ADVERTISING [Cal. Bus. & Prof.**
20  REBOUND-UK, MAXIMUS LIFE LTD,            **Code, § 17500 et seq.]**
    JAMES WINFIELD, INDIVIDUALLY,
21  HEATHER MOORE, INDIVIDUALLY,             **JURY TRIAL DEMANDED**
    and DOES 1 through 50,
22
                    Defendants.
23

24          Plaintiff JumpSport, Inc. ("JumpSport") files this action against Health2Fitness Ltd, d/b/a

25  Rebound-UK, Maximus Life Ltd (collectively "Health2Fitness"), and their principals, James

26  Winfield and Heather Moore for infringement of U.S. Patent Nos. 9,289,637 and 9,345,919,

27  copyright infringement, and for unfair competition and false advertising pursuant to California

28  Business and Professions Code.  JumpSport seeks preliminary and permanent injunctive relief as

Ropers Majeski Kohn & Bentley
*A Professional Corporation*
*San Jose*

well as damages for the injuries it has suffered.

**PARTIES**

1.      Plaintiff JumpSport, Inc., is a corporation formed under the laws of California with a principal place of business at 1680 Dell Avenue, Campbell, CA, 95008.

2.      Upon information and belief, Defendant Health2Fitness Ltd, d/b/a "Rebound-UK," is a private limited company formed under the laws of the United Kingdom with a principal place of business at 35 The High Street, Frimley House, Frimley, Surrey, GU16 7JQ, United Kingdom. Upon information and belief, Health2Fitness Ltd owns, makes, markets, and sells the "Fit Bounce Pro" fitness trampoline that infringes Plaintiff's '637 and '919 patents.

3.      According to information on Rebound-UK's website, Health2Fitness Ltd. is the warrantor of the Fit Bounce Pro products.

4.      Upon information and belief, Defendant Maximus Life Ltd is a private limited company formed under the laws of the United Kingdom which also does business as "Rebound-UK" and has its principal place of business at 2 The Pavillions End, Camberley, GU15 2LD, United Kingdom.  Upon information and belief, Maximus Life Ltd is an affiliate of Health2Fitness and according to its product listing on Amazon.com, Maximus Life Ltd. markets, distributes, and sells the "Fit Bounce Pro" in the United States.

5.      Upon information and belief, Defendant James Winfield is the Co-Owner and Co-Director of Defendants Health2fitness Ltd and Maximus Life Ltd.  Mr. Winfield may be served at Maximus Life, Ltd., 2 The Pavillions End, Camberley, GU15 2LD, United Kingdom.

6.      Upon information and belief, Defendant Heather Moore is the Co-Owner and Co-Director of Defendants Health2fitness Ltd and Maximus Life Ltd.  Ms. Moore may be served at Maximus Life, Ltd., 2 The Pavillions End, Camberley, GU15 2LD, United Kingdom.

7.      Defendants Moore and Winfield direct the operations of Health2Fitness and knowingly caused, directed, and controlled the acts of infringement whose effects directly injured JumpSport in this judicial district.

**JURISDICTION AND VENUE**

8.      This is an action for patent infringement and copyright infringement arising under

the laws of the United States.  *See, e.g.,* 35 U.S.C. § 1 *et seq.*; 17 U.S.C. § 501.

9.      This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 (a), and 1367.

10.     This Court has supplemental jurisdiction over JumpSport's unfair competition and false advertising claims brought under California Business and Professions Code pursuant to 28 U.S.C. § 1367(a) because the claims are so related to JumpSport's federal law claims that they form part of the same case or controversy and derive from a common nucleus of operative facts— the marketing and selling the Fit Bounce Pro products.

11.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b). Defendants are deemed to reside in this judicial district, have committed acts of infringement in this district, and have purposely transacted business involving the accused products and materials in this judicial district.

12.     This Court has personal jurisdiction over Defendants because (a) each of them, and/or their agents are doing business in this judicial district; and (b) a substantial portion of the events giving rise to this lawsuit, as well as substantial injury to Plaintiff has occurred or will occur in interstate commerce, in the State of California, and in the Northern District of California as a result of Defendants' violations of the asserted patents and copyrights as alleged in detail below.  As alleged herein, Defendants and their agents, employees and principals have purposefully availed themselves of the opportunity to conduct commercial activities in this forum. In addition, each of said Defendants regularly conducts and/or solicits business in California, engages in other persistent conduct, and/or derives substantial revenue from goods sold and services provided to California residents.

13.     Plaintiff JumpSport is informed and believes that each Defendant herein, at all pertinent times hereto, was and is the agent, servant, employee, joint venturer, alter ego, and/or partner of each of the other co-Defendants, with full knowledge, permission and consent of each and every remaining Defendant, and in doing the things alleged herein, each co-Defendant was acting within the scope of authority conferred upon that party by consent, approval and/or ratification, whether said authority was actual or apparent.

Ropers Majeski Kohn & Bentley
*A Professional Corporation*
San Jose

1

## **BACKGROUND**

2      14.    JumpSport is a leading provider of trampoline products, including fitness

3  trampolines, also known as "mini-trampolines" and "rebounders."  Rebounders are personal

4  trampolines used in gyms, personal training, and home fitness to provide high energy, low-

5  impact, full-body workouts.  Rebounders and rebounder workouts have become increasingly

6  popular in recent years.

7      15.    JumpSport is well known in the trampoline industry for its trampoline innovation

8  and safety.  Its products have won several awards, been featured on Good Morning America,

9  20/20, and ESPN, and they appeared in numerous publications, including The Wall Street Journal

10  and USA Today.

11      16.    JumpSport owns numerous patents on its innovative trampoline technologies and,

12  accordingly, is entitled to exclude others, including Defendants, from unauthorized use of

13  JumpSport's patented rebounder technology.

14      17.    JumpSport develops, advertises, markets, and sells a number of fitness

15  trampolines, all of which are packaged and distributed together with associated proprietary

16  materials such as user manuals, assembly and installation instructions.

17      18.    All Defendants also market and sell rebounders in the United States and

18  internationally.  Defendants' website, located at http://rebound-UK.com, describes the trampoline

19  products that they sell or offer for sale to the "home market" in this judicial district and

20  throughout the United States through resellers such as Amazon.com.

21      19.    Recently, Defendants began marketing and selling a new rebounder branded as the

22  "Fit Bounce Pro."   Defendants' website states that the Fit Bounce Pro is "new for 2016."

23      20.    Defendants presently offer to sell and do sell the Fit Bounce Pro to U.S. consumers

24  through Amazon.com and, on information and belief, through other retail outlets.

25      21.    Defendants state in the instruction manual for the Fit Bounce Pro sold and shipped

26  in the United States that "[t]he Fit Bounce Pro has been carefully designed by Rebound UK

27  Fitness Professionals who have over 25 years of experience creating innovative products and

28  effective health and fitness programmes to market places worldwide."

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

22.     On their website, Defendants include a substantially similar description, but replace the phrase "Rebound UK Fitness Professionals" with the phrase "sport scientists."

23.     In advertising the Fit Bounce Pro, Defendants state that they "have worked with [*their*] design team to create and build the most robust and effective rebounder on the planet," and tout *their* "unique design, *their* "special bungee system," and the "half folding rebounder design with special safety locking hinges."

24.     These statements regarding the Fit Bounce Pro are false.

25.     The Fit Bounce Pro is not innovative, nor was it designed by Defendants.  Rather, the design of the Fit Bounce Pro was conceived, developed, and created by Mark Publicover, co-founder of JumpSport, and others at JumpSport.  Indeed, the Fit Bounce Pro not only infringes JumpSport's patents, but is a near identical copy of JumpSports rebounder.

26.     Aside from superficial cosmetic differences, the Fit Bounce Pro is a *direct copy* of the JumpSport® Fitness Trampoline™ ("*JFT*") Model 230f (JumpSport's Model # RBJ-S-20853-01), sold by JumpSport directly and through its resellers, such as Amazon.com.

27.     Defendants' Fit Bounce Pro incorporates, among other things, JumpSport's patented suspension system with adjustable bungee cords and unique connectors, and JumpSport's distinctive, patented hinge mechanisms. It also competes directly in one or more substantial ways with virtually all other JFT models such as JumpSport Models 220, 350, 350f, 370, 550f, 570, and others that embody JumpSport's patents.

28.     On information and belief, Defendants, directly or through their associates, contacted and induced JumpSport's Chinese manufacturing partner to make the Fit Bounce Pro for Defendants *using JumpSport's own proprietary parts molds, jigs, manufacturing specifications and procedures*.

29.     In short, Defendants' Fit Bounce Pro copies JumpSport's patented designs and is a substantially identical product to JumpSport's Model 230f in all relevant respects.  Below is a side-by-side physical comparison of JumpSport's folding rebounder product and Defendants' infringing Fit Bounce Pro:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

| JumpSport's Model 230f | Defendants' Fit Bounce Pro |
| --- | --- |



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose



| JumpSport's Model 230f | Defendants' Fit Bounce Pro |
| --- | --- |

21    30.    As the pictures above show, the Fit Bounce Pro is a rebounding apparatus

22 comprising a frame that defines a central opening, with a rebounding mat elastically suspended

23 therein and coupled to the frame by cordlike elastic members ("bungees") using connectors.

24    31.    The Fit Bounce Pro's connectors couple the suspension bungees in a manner that

25 permits adjustment of their tension by moving a portion of the body of the bungees relative to the

26 connectors.  The connectors of the Fit Bounce Pro allow for adjustable tension.

27    32.    As the pictures above show in detail, the Fit Bounce Pro's connectors engage the

28 bungees at three or more separate locations on the connectors and have apertures through which

the bungees extend.  Knots in the bungees act as a stop against the body of the connector.

33.    The apparatus infringes on at least claims 1, 2, 11, 16, and 25 of the '637 Patent.

34.    As show above, the Fit Bounce Pro is a portable (foldable) exercise system comprising a frame consisting of two equal halves that are rail segments, each half having two frame ends and having attachment points for connection of the bungees, each frame end having an interior surface that defines a central cavity.  It has legs that support the frame, and two lockable hinges with tightening mechanisms that connect each of the two frame halves, with each hinge comprising two hinge segments that are pivotally joined to one another.

35.    The system infringes on at least claims 1, 3, 5, 9, 10, 15 and 19 of the '919 Patent.

36.    Defendants' unabashed copying did not end with replicating the product itself. Defendants plagiarized JumpSport's copyrighted User's Manuals, assembly and installation instructions, and related illustrations.  Below is a side-by-side comparison of JumpSport's user and installation manuals and the similar materials that accompany Defendants' infringing Fit Bounce Pro:

| **JumpSport's Model 230f Assembly Instructions** | **Defendants' Fit Bounce Pro Assembly Instructions** |
|---|---|
|  |  |
| TEXT COMPARE: | TEXT COMPARE: |
| **To unfold/fold your trampoline:** | **To unfold/fold your trampoline:** |
| • Lay the trampoline upside down and flat on the ground. | • Lay the trampoline upside down and flat on the ground. |
| • Place both knees near the center of the mat without them going past the center line, about shoulder-width apart, and with the hinges directly to | • Place both knees near the center of the mat without them going past the center line, about shoulder-width apart, and with the hinges directly to |

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

| **JumpSport's Model 230f**<br>**Assembly Instructions** | **Defendants' Fit Bounce Pro**<br>**Assembly Instructions** |
|---|---|
| the left and right of you. Place hands on top side of frame (also about shoulder-width apart), and ***slowly*** push the frame open, or ***slowly*** pull it closed.<br><br>• After the trampoline is fully opened, adjust the elastic cords to make sure they are all evenly spaced around the frame. | the left and right of you. Place hands on top side of frame (also about shoulder-width apart), and ***slowly*** push the frame open, or ***slowly*** pull it closed.<br><br>• After the trampoline is fully opened, adjust the elastic cords to make sure they are all evenly spaced around the frame. |
| **⚠ WARNING**<br><br>*Read these materials prior to assembling*<br>*and using this rebounder trampoline*<br><br>Use trampoline only with mature, knowledgeable supervision.<br><br>DO NOT allow more than one person on the trampoline. Use by more than one person at the same time can result in serious injury. | WARNING<br><br>*Read these materials prior to assembling and using this rebounder trampoline*<br><br>DO NOT allow more than one person on the trampoline. Use by more than one person at the same time can result in serious injury.<br>Use trampoline only with mature, knowledgeable supervision. |
| **Installing the Legs**<br><br>How to install folding legs found on the model 200f:<br><br>1) Pull a leg rotating up and away from the frame.<br><br>2) Align the leg with the frame stud, then gently guide it into place over the socket until the leg rests against frame.<br><br>3) The leg should now be secure in this new position. Repeat until you have unfolded all 6 legs, then rotate the trampoline until all legs are on the ground.<br><br>To fold the legs, follow the instructions in reverse order. | **Installing the legs**<br><br>How to install folding legs found on the trampoline:<br>1) Pull a leg rotating up and away from the frame<br>2) Align the leg with the frame stud, then gently guide it into place over the socket until the leg rests against frame.<br>3) the leg should now be secure in this new position. Repeat until you have unfolded all 6 legs, then rotate the trampoline until all legs are on the ground.<br><br>To fold the legs, follow the instructions in reverse order. |
| <br>**Lock** hinges when using trampoline | <br>**Lock** hinges when using trampoline |

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

| JumpSport's Model 230f<br>Assembly Instructions | Defendants' Fit Bounce Pro<br>Assembly Instructions |
|---|---|
|  |  |
|  |  |

37.    Defendants' direct, willful, and brazen copying supports additional claims, damages, and injunctive relief.

38.    Defendants Winfield and Moore actively and knowingly participated in the furtherance of the infringement of JumpSport's patents and copyrights.

39.    Defendants Winfield and Moore own and control the Defendant entities and have achieved personal financial gain by their concerted effort to violate JumpSport's intellectual property.

40.    Defendants' infringing product appears publicly for sale on Amazon.com and affiliated websites such as the following:

- https://www.amazon.com/FIT-BOUNCE-PRO-TrampolineBounceometer/dp/B0187HN4BE/ref=lp_14953287011_1_1?srs=14953287011&ie=UTF8&qid=1470859235&sr=8-1

- https://www.amazon.com/s/ref=sr_nr_p_89_9?fst=as%3Aoff&rh=i%3Aaps%2Ck%3Arebounder%2Cp_89%3AMaXimus+Life+ltd&keywords=rebounder&ie=UTF8&qid=1478855603&rnid=2528832011

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

- https://www.amazon.com/FITBOUNCEPRO/b/ref=bldpsweb14953287011?ie=UTF8&node=14953287011&fieldlbrbrandsbrowsebin=FIT+BOUNCE+PRO

- https://www.amazon.com/s?marketplaceID=ATVPDKIKX0DER&me=A1WKA1CB6O8MC0&merchant=A1WKA1CB6O8MC0&redirect=true

- https://www.amazon.com/sp?encoding=UTF8&asin=&isAmazonFulfilled=1&isCBA=&marketplaceID=ATVPDKIKX0DER&orderID=&seller=A1WKA1CB6O8MC0&tab=&vasStoreID

- https://www.amazon.ca/FIT-BOUNCE-PRO-Trampoline-Bounceometer/dp/B0187HN4BE/ref=sr_1_1?ie=UTF8&qid=1478199028&sr=8-1&keywords=fit+bounce+pro

- http://xn--http-4b7a//www.trampolineswarehouse.com/product/fit-bounce-pro-best-seller-halffolding-high-quality-quietest-bungee-sprung-mini-trampoline-plus-2-workoutsand-music-storage-bag-and-bounceometer-to-measure-bounces/  (an Amazon Affiliate)

41.     On August 12, 2016, JumpSport submitted a notice of patent and copyright infringement through Amazon.com's web-based infringement report page (www.amazon.com/report) identifying the problematic listing, sale, and fulfillment by Defendants' and Amazon of the Fit Bounce Pro. The infringing product has been and is being sold on Amazon's site(s) under the Amazon Standard ID ("ASIN") #B0187HN4BE, as well as through other resellers in North America.

42.     JumpSport repeated its demand to Amazon's legal department by letter on August 26, 2016.

43.     On or about September 12, 2016, JumpSport received a short reply email from "patents@amazon.com" indicating they had notified Defendants of their infringement with a request that Defendants resolve the matter directly with JumpSport.

44.     JumpSport never received a substantive response from Defendants, who continue offer for sale, sell, and otherwise engage in infringing acts violating JumpSport's intellectual property rights.

## COUNT 1
## INFRINGEMENT OF U.S. PATENT NO. 9,289,637

45.     JumpSport incorporates paragraphs 1 through 44 herein by reference.

46. JumpSport is the owner, by assignment, of U.S. Patent No. 9,289,637 (the "'637 patent") titled "Rebounding Apparatus with Tensioned Elastic Cords." A true and correct copy of the '637 patent is attached as Exhibit A.

47. The '637 patent is valid, enforceable, and was duly issued by the United States Patent Office upon finding it fully complied with Title 35 of the United States Code.

48. Defendants directly infringe one or more claims of the '637 patent, including at least claims 1, 2, 11, 16, and 25 in this judicial district and elsewhere in California by or through making, using, offering for sale, importing, and selling the "Fit Bounce Pro" rebounding apparatus with tensioned elastic cords without the consent or authorization of JumpSport.

49. Additionally, Defendants knowingly induce others to infringe at least claims 1, 2, 11, 16, and 25 of the '637 patent by encouraging, aiding, and abetting the use, assembly, installation, and sale of the accused trampolines.

50. Plaintiff notified Defendants of infringement of the '637 Patent by letter to Defendants dated November 4, 2016.

51. Plaintiff has been damaged as a result of Defendants' infringing conduct. Defendants are thus liable to Plaintiffs in an amount that adequately compensates it for Defendants' infringement, which compensation by law cannot be less than a reasonable royalty together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

52. As shown herein, Defendants' infringement has been, and continues to be, willful, deliberate, and intentional.

53. Defendants have caused Plaintiff substantial damage and irreparable injury by their infringement of the '637 patent, and Plaintiff will continue to suffer damage and irreparable injury unless and until Defendants' infringement is enjoined by this Court.

## COUNT 2
## INFRINGEMENT OF U.S. PATENT NO. 9,345,919

54. JumpSport incorporates paragraphs 1 through 53 herein by reference.

55. JumpSport is the owner, by assignment, of U.S. Patent No. 9,345,919 (the "'919 patent") titled "Hinge or the Like for Folding Rebounder." A true and correct copy of the '919

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

patent is attached as Exhibit B.

56.   The '919 patent is valid, enforceable, and was duly issued by the United States Patent Office upon finding it fully complied with Title 35 of the United States Code.

57.   Defendants directly infringe one or more claims of the '919 patent, including at least claims 1, 3, 5, 9, 10, 15, and 19 in this judicial district and elsewhere in California by or through making, using, offering for sale, importing, and selling the "Fit Bounce Pro" hinged folding rebounder without the consent or authorization of JumpSport.

58.   Additionally, Defendants knowingly induce others to infringe the '919 patent by encouraging, aiding, and abetting the use, assembly, installation, and sale of the accused trampolines.

59.   Plaintiff notified Defendants of infringement of the '919 Patent by letter to Defendants dated November 4, 2016.

60.   Plaintiff has been damaged as a result of Defendants' infringing conduct. Defendants are thus liable to Plaintiffs in an amount that adequately compensates it for Defendants' infringement, which compensation by law cannot be less than a reasonable royalty together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

61.   As shown herein, Defendants' infringement has been, and continues to be, willful, deliberate, and intentional.

62.   Defendants have caused Plaintiff substantial damage and irreparable injury by their infringement of the '919 patent, and Plaintiff will continue to suffer damage and irreparable injury unless and until Defendants' infringement is enjoined by this Court.

### COUNT 3
### COPYRIGHT INFRINGEMENT (DIRECT, VICARIOUS AND CONTRIBUTORY)
### 17 U.S.C. § 101, *et seq.*

63.   JumpSport incorporates paragraphs 1 through 62 herein by reference.

64.   JumpSport owns valid and enforceable copyrights in its User's Manuals (including Assembly, Installation, Care, Maintenance, and Use Instructions) for its Fitness Trampoline$^{TM}$ and its Model 200/200f Fitness Trampoline$^{TM}$.  The User Manuels contain a substantial amount of

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

material wholly original with JumpSport and are copyrighted subject matter under the laws of the United States. JumpSport has complied in all respects with the Copyright Act of 1976, 17 U.S.C. § 101, et seq. and all other laws governing copyright. Since the development of its User Manuals, JumpSport has been, and still is, the sole proprietor of all of its rights, title and interest in and to the copyright in said User Manuals and has not licensed its technology to any party, including any Defendant. True and correct copies of these materials are attached as Exhibits C and D. JumpSport has registered its copyrights with the United States Copyright Office.

65.     Defendants, and each of them, had or has access to said User Manuals.

66.     Defendants, and each of them, have copied and/or created derivative works from JumpSport's User Manuals and/or portions thereof, and continues to do so.

67.     Defendants' copying, plagiarism, use, reproduction, and distribution of the copyrighted material are substantially similar to JumpSport's original copyright protected words and are unauthorized. As such, they infringe on JumpSport's exclusive rights under the Copyright Act, 17 U.S.C. § 106 and § 501.

68.     At all times relevant herein, Defendants, and each of them, obtained direct financial benefit from the infringement and had the right to control the infringing conduct, and/or intentionally induced, encouraged, caused or materially contributed to the infringement.

69.     The foregoing acts of Defendants, and each of them, constitute direct infringement, vicarious infringement, and/or contributory infringement of JumpSport's exclusive rights in its copyrighted works under 17 U.S.C. § 106.

70.     As a result of their wrongful conduct, Defendants are liable to JumpSport for copyright infringement. 17 US.C. § 501.

71.     Defendants' acts of copyright infringement have been committed knowingly, intentionally, and willfully, and Defendants have profited from and been unjustly enriched by their unauthorized use, copying, and distribution of the copyrighted materials. At a minimum, Defendants acted with willful blindness to and in reckless disregard of JumpSport's copyrights.

72.     As a direct, foreseeable, and proximate result of Defendants' acts of copyright infringement, JumpSport has suffered and continues to suffer substantial damages. JumpSport is

1   entitled to recover damages, which include any and all profits Defendants have made as a result

2   of their wrongful conduct.  17 U.S.C. § 504.  Alternatively, JumpSport is entitled to statutory

3   damages under 17 U.S.C. § 504(c).

4        73.     Additionally, because Defendants' copyright infringement has been willful, within

5   the meaning of the Copyright Act, the award of statutory damages should be enhanced in

6   accordance with 17 U.S.C. § 504(c)(2).

7        74.     JumpSport is also entitled to injunctive relief pursuant to 17 U.S.C. §502, and to

8   an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503.  JumpSport has

9   no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a)

10   JumpSport's copyrights are unique and valuable property which have no readily determinable

11   market value, (b) Defendants' infringement harms JumpSport such that JumpSport could not be

12   made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting

13   damage to JumpSport is continuing.

14        75.     JumpSport is also entitled to recover its attorneys' fees and costs of suit pursuant

15   to 17 U.S.C. § 505.

**COUNT 4**
**UNFAIR COMPETITION**
**Cal. Bus. & Prof. Code § 17200 *et seq.***

16

17

18        76.     JumpSport incorporates paragraphs 1 through 75 herein by reference.

19        77.     Defendants have engaged in unfair, unlawful, and fraudulent business practices in

20   violation of California Business & Professions Code §§ 17200 et seq. by, among other things: 1)

21   using and/or copying JumpSport's 's proprietary intellectual property 2)  employing unfair and

22   deceitful business tactics in order to gain and unfair advantage and; 3) refusing to cease and desist

23   said infringing activities even after being notified of same.

24        78.     Such conduct unfairly competes against JumpSport and caused and will continue

25   to cause damage to JumpSport in the relevant marketplace and/or erode the goodwill and business

26   reputation built by JumpSport.

27        79.     Defendants knew that the conduct described above was improper and that they

28   were unlawfully, unfairly, and fraudulently competing with JumpSport when they sought to and

1    did perform the acts described above.

2        80.    As a direct and proximate result of the unfair conduct by Defendants, and each of

3    them, JumpSport is entitled to recover restitution from Defendants to restore to JumpSport

4    money, profits, and advantages obtained as a result of their wrongful acts as hereinabove alleged.

5                                    **COUNT 5**
                                 **FALSE ADVERTISING**
6                       **Cal. Bus. & Prof. Code § 17500 *et seq.***

7        81.    JumpSport incorporates paragraphs 1 through 80 herein by reference.

8        82.    Defendants' aforesaid conduct constitutes unfair, unlawful, and fraudulent

9    business practices and false advertising. Defendants' acts include deceptive, untrue and

10   misleading advertising regarding their "Fit Bounce Pro" trampoline.

11       83.    As a direct and proximate result of the unfair conduct and representations to

12   consumers and the public by Defendants as herein alleged, JumpSport has been damaged in an

13   amount not yet ascertained, and continues to be damaged.  These wrongful acts will also have

14   proximately caused and will continue to cause JumpSport substantial injury, including confusion

15   in the marketplace, wrongful association, dilution of its goodwill, confusion of potential

16   customers, injury to its reputation, and diminution in value of its intellectual property.  These

17   actions will cause imminent irreparable harm and injury to JumpSport.

18       84.    As a result of  wrongful conduct, is entitled to recover from the gains, profits, and

19   advantages has obtained as a result of its wrongful acts as hereinabove alleged and said amounts

20   should be disgorged and restitution made to JumpSport.

21       85.    Pursuant to Cal. Bus. & Prof. Code § 17203, Defendants may be temporarily and

22   permanently enjoined in order to prevent Defendants from further acts constituting false

23   advertising.

24                            **NOTICE AND MARKING**

25       86.    JumpSport has complied with the statutory requirement of placing a notice of the

26   patents asserted herein on products that it sells and has also provided Defendants written notice of

27   the infringement through the Amazon infringement notification discussed above.

28

Ropers Majeski Kohn & Bentley
*A Professional Corporation*
*San Jose*

## NOTICE OF REQUIREMENT OF LITIGATION HOLD

87.     Defendants are hereby notified that they are legally obligated to locate, preserve, and maintain all records, notes, drawings, documents, data, communications, materials, electronic records, audio/video/photographic recordings, and digital files, including edited and unedited or "raw" source material, and other information and tangible things Defendants know, or reasonably should know, may be relevant to actual or potential claims, counterclaims, defenses, and/or damages by any party or potential party in this lawsuit, whether created or residing in hard copy form or in the form of electronically stored information (hereinafter collective referred to as "Potential Evidence").

88.     As used above, the phrase "electronically stored information" includes without limitation: computer files (and file fragments), e-mail (both sent and received, whether internally or externally), information concerning e-mail (including but not limited to logs of e-mail history and usage, header information, and deleted but recoverable e-mails), text files (including drafts, revisions, and active or deleted word processing documents), instant messages, audio recordings and files, video footage and files, audio files, photographic footage and files, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files, and all other information created, received, or maintained on any and all electronic and/or digital forms, sources, and media, including, without limitation, any and all hard disks, removable media, peripheral computer or electronic storage devices, laptop computers, mobile phones, personal data assistant devices, Blackberry devices, iPhones, video cameras and still cameras, and any and all other locations where electronic data is stored.  These sources may also include any personal electronic, digital, and storage devices of any and all of Defendants' agents, resellers, or employees if Defendants' electronically stored information resides there.

89.     Defendants are hereby further notified and forewarned that any alteration, destruction, negligent loss, or unavailability, by act or omission, of any Potential Evidence may result in damages or a legal presumption by the Court and/or jury that the Potential Evidence is not favorable to Defendants' claims and/or defenses.  To avoid such a result, Defendants' preservation duties include, but are not limited to, the requirement that Defendants immediately

1  notify its agents and employees to halt and/or supervise the auto-delete functions of Defendants'

2  electronic systems and refrain from deleting Potential Evidence, either manually or through a

3  policy of periodic deletion.

4                                              **PRAYER**

5       JumpSport prays for the following relief:

6           a.   That Defendants be required to answer;

7           b.   that the Court enter an order declaring:

8                i.   that Defendants have infringed, contributorily infringed, and/or induced

9                     infringement of United States Patent No. 9,289,637 and United States

10                    Patent No. 9,345,919;

11               ii.  that Defendants have infringed, directly, contributorily or vicariously,

12                    Plaintiff's copyrights;

13               iii. that Defendants' patent and copyright infringement has been willful,

14                    intentional, and deliberate;

15               iv.  that this is an exceptional cause under 35 U.S.C. §285;

16          c.   that the Court temporarily and permanently enjoin Defendants, and their officers,

17               directors, servants, consultants, managers, employees, agents, attorneys,

18               successors, assigns, affiliates, subsidiaries, and all persons or entities acting in

19               concert or participation with any of them from further infringement of Plaintiffs'

20               copyrights and from further acts of unfair competition as described herein;

21          d.   that the Court permanently enjoin Defendants, and their officers, directors,

22               servants, consultants, managers, employees, agents, attorneys, successors, assigns,

23               affiliates, subsidiaries, and all persons or entities acting in concert or participation

24               with any of them from infringing, contributorily infringing, and/or inducing

25               infringement of United States Patent No. 9,289,637 and United States Patent No.

26               9,345,919; including the making, using, offering to sell, selling, or importing any

27               products that infringe (literally or under the doctrine of equivalents) United States

28               Patent No. 6,261,207 or United States Patent No. 6,053,845;

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

e.   that the Court grant JumpSport judgment against Defendants for all actual,

consequential, special, punitive, exemplary, increased, and/or statutory damages,

including treble damages pursuant to 35 U.S.C. §284 including, if necessary, an

accounting of all damages; pre- and post-judgment interest as allowed by law; and

reasonable attorneys' fees, costs, and expenses incurred in this action; and

f.   such further relief to which JumpSport may show itself justly entitled.

Dated: November 15, 2016                   ROPERS, MAJESKI, KOHN & BENTLEY


By: /s/ Michael J. Ioannou
     MICHAEL J. IOANNOU
     Attorneys for Plaintiff
     JUMPSPORT, INC.


## JURY DEMAND

JumpSport hereby demands a trial by jury on all claims, issues, and damages so triable.

Dated: November 15, 2016                   ROPERS, MAJESKI, KOHN & BENTLEY


By: /s/ Michael J. Ioannou
     MICHAEL J. IOANNOU
     Attorneys for Plaintiff
     JUMPSPORT, INC.

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose